IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LARRY W. MURPHY, | ) | |
| Plaintiff *pro se*, | ) | Civil Action No. 8:25-cv-00613-LKG |
| v. | ) | Dated: August 12, 2025 |
| F.H. FURR, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I.  INTRODUCTION

In this civil action, the Plaintiff *pro se,* Larry W. Murphy, appears to bring employment discrimination and wage and hour claims against the Defendants, F.H. Furr and Apex Service Partners.  ECF No. 2.  The Defendants have moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(5) and (b)(6).  ECF No. 9.  The Plaintiff has also filed a motion to compel discovery and to strike certain portions of the Defendants' motion, and a motion for summary judgment.  ECF Nos. 3 and 22.  These motions are fully briefed.  ECF Nos. 9, 15, 22 and 31.  No hearing is necessary to resolve the motions.  L.R. 105.6 (D. Md. 2025).

For the reasons that follow, the Court: (1) **GRANTS** the Defendants' motion to dismiss (ECF No. 9); (2) **DENIES- as-MOOT** the Plaintiff's motion to compel discovery (ECF No. 3); (3) **DENIES-as-MOOT** the Plaintiff's motion to strike (ECF No. 22); (4) **DENIES-as MOOT** the Plaintiff's motion for summary judgment (ECF No. 28); and (5) **DISMISSES** the complaint.

### II.  FACTUAL AND PROCEDURAL BACKGROUND[1]

#### A.  Factual Background

The Plaintiff is proceeding without the assistance of counsel in this civil action and the handwritten complaint is difficult to discern.  It appears that the Plaintiff seeks to bring claims against his former employer, Defendant F.H. Furr, and its parent company, Defendant Apex

---

[1] The facts recited in this memorandum opinion are taken from the complaint and the Defendants' motion to dismiss.  ECF Nos. 2 and 9. Unless otherwise stated, the facts recited herein are undisputed.

Service Partners, arising from his previous employment with Defendant F.H. Furr.  *See generally* ECF No. 2.  In the complaint, the Plaintiff asserts the following claims against the Defendants: (1) Emotional Distress (Count I), Civil Rights Act/Title VII 1964 (Count II), Sexual Harassment (Count III), Verbal Sexual Harassment (Count IV), FLSA Violation (Count V), ADA Violation (Count VI) and EPA (Count VII).  *Id.* at 2.  As relief, the Plaintiff seeks monetary damages.  *Id.* at 4.

### The Parties

Plaintiff Larry Murphy is a resident of Maryland.  *Id.* at 1.

Defendant F.H. Furr is a HVAC and plumbing service company with locations in Maryland.  *See* https://www.fhfurr.com/.

Defendant Apex Service Partners is a HVAC, plumbing and electrical services company with offices located in Tampa, Florida and Irving, Texas.  *See* https://apexservicepartners.com/.

In the complaint, the Plaintiff alleges that he is a former employee of Defendant F.H. Furr.  ECF No. 2.  The Plaintiff appears to allege that the Defendants discriminated against him upon the basis of race, color, national origin, sex and genetic information, and failed to properly compensate him, in violation of , among other things, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.*, the Americans with Disabilities Act ("ADA"), 29 U.S.C. §§12112-12117, and the Fair Labor Standards Act (FLSA"), 29 U.S.C. §§ 201, *et seq*.  *Id*.  As relief, the Plaintiff seeks to recover monetary damages from the Defendants.  *Id*. at 4.

**B.  Relevant Procedural History**

The Plaintiff commenced this employment discrimination matter in the Circuit Court for Montgomery County, Maryland on January 16, 2025.  ECF No. 1.  On February 24, 2025, the Defendants removed the case to this Court.  *Id*.

On February 24, 2025, the Plaintiff filed a motion to compel.  ECF No. 3.  On March 3, 2025, the Defendants filed a motion to dismiss.

On March 10, 2025, the Defendants filed a response in opposition to the Plaintiff's motion to compel.  ECF No. 15.  On April 1, 2025, the Plaintiff filed a response in opposition to the Defendants' motion to dismiss and a motion to strike.  ECF No. 22.

On April 11, 2025, the Defendants filed a reply in support of their motion to dismiss.  ECF No. 26.  On April 14, 2025, the Plaintiff filed a motion for summary judgment.  ECF No.

28. On April 15, 2025, the Plaintiff filed a supplement to his motion for summary judgment. ECF No. 29.

On April 28, 2025, the Defendants filed a response in opposition to the Plaintiff's motion for summary judgment. ECF No. 31. On April 28, 2025, the Plaintiff filed a reply brief. ECF No. 32.

The parties' motions having been fully briefed, the Court resolves the pending motions.

### III.  LEGAL STANDARDS

#### A. *Pro Se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *see also Bell v. Bank of Am., N.A.*, No. 13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations omitted). And so, if the Plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

#### B. Fed. R. Civ. P. 12(b)(5)

Fed. R. Civ. P. 12(b)(5) provides a defense for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Under the service requirement for summons in Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). While leniency is accorded to *pro se* plaintiffs, "[a]ctual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a *pro se* plaintiff." *Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 305 (4th Cir. 2016). Furthermore, "[o]nce service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006).

### C. Fed. R. Civ. P. 8(a) And 12(b)(6)

Under Fed. R. Civ. P. 8(a), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief. To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

A complaint may also be dismissed under Fed R. Civ. P. 12(b)(6) if a plaintiff fails to exhaust their administrative remedies. *Virella v. M.B.G. Enters. Inc.*, Civ. Action No. RDB-21-1844, 2022 WL 36452, at *2 (D. Md. Jan 4, 2022). Before litigating a Title VII or ADA claim in this Court, a plaintiff must exhaust their administrative remedies by filing a claim with the Equal Employment Opportunity Commission ("EEOC"). *Carroll-Hall v. ARC of Baltimore*, Civ. No. RDB-10-00873, 2010 WL 3781887, at *3 (D Md. Sept. 22, 2010) ("a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the EEOC.") (citation and internal quotation marks omitted); *Shigley v. Tydings & Rosenberg LLP*, 723 F. Supp. 3d 440, 449 (D. Md. 2024) ("The ADA incorporates Title VII's enforcement procedures, including the requirement that a plaintiff exhaust [his] administrative remedies by filing a charge with the EEOC before filing suit in federal court") (citation and internal quotation marks omitted).

IV.     ANALYSIS

The Defendants have moved to dismiss the complaint for the following three reasons: (1) the Plaintiff has not properly served the Defendants with the summons; (2) the Plaintiff failed to exhaust his discrimination claims prior to commencing this matter; and (3) the Plaintiff fails to state plausible claims for relief, with respect to the claims in the complaint that do not require administrative exhaustion.  ECF Nos. 9 and 9-1.  And so, the Defendants request that the Court dismiss the complaint.  ECF No. 9 at 1.

The Plaintiff has not substantively responded to the Defendants' motion to dismiss.  ECF No. 22.  But the Plaintiff, nonetheless, requests that the Court deny the Defendants' motion.  *Id*. In addition the Plaintiff has moved to compel certain discovery, to strike the Defendants' motion to dismiss and for summary judgment in his favor.  ECF Nos. 3, 22 and 28.

For the reasons that follow, a careful reading of the complaint and the undisputed facts in this case show that the Plaintiff did not effectuate proper service of the summons and that the Plaintiff also did not exhaust his discrimination claims before commencing this civil action.  The complaint also makes clear that the Plaintiff fails to state plausible claims for relief in this case. ECF No. 2.  And so, the Court (1) GRANTS the Defendants' motion to dismiss (ECF No. 9); (2) DENIES- as-MOOT the Plaintiff's motion to compel discovery (ECF No. 3); (3) DENIES-as-MOOT the Plaintiff's motion to strike (ECF No. 22); (4) DENIES-as MOOT the Plaintiff's motion for summary judgment (ECF No. 28); and (5) DISMISSES the complaint.

**A.  The Plaintiff Has Not Shown That He Properly Served The Defendants**

As an initial matter, the Plaintiff has not shown that he properly served the Defendants with the summons.  Pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against the defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  While leniency is accorded to *pro se* plaintiffs, "[a]ctual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a *pro se* plaintiff."  *Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 305 (4th Cir. 2016).  And so, "[o]nce service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4."  *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006).

5

In this case, the Defendants represent to the Court, and the Plaintiff does not dispute, that the Defendants have been served with a copy of the complaint, but not with the summons. ECF No. 9-1 at 6; ECF No. 9-2 at 1 ¶ 3 (Affidavit of Michelle Nevatt, employee of Defendant F.H. Furr). Given this, the Plaintiff has not met his burden to show that Defendants have been properly served with the summons. And so, the Court must DISMISS the complaint, due to improper service, pursuant to Fed. R. Civ. P. 12(b)(5).

### B. The Plaintiff Has Not Exhausted His Discrimination Claims

Even if the complaint and summons had been properly served in this case, the Court must also dismiss the Plaintiff's discrimination claims in this case for failure to administratively exhaust those claims before commencing this civil action. Before litigating a Title VII or ADA claim in this Court, the Plaintiff must exhaust his administrative remedies by filing a claim with the EEOC. *Carroll-Hall v. ARC of Baltimore*, Civ. No. RDB-10-00873, 2010 WL 3781887, at *3 (D Md. Sept. 22, 2010) ("a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the EEOC."); *Shigley v. Tydings & Rosenberg LLP*, 723 F. Supp. 3d 440, 449 (D. Md. 2024) ("The ADA incorporates Title VII's enforcement procedures, including the requirement that a plaintiff exhaust [his] administrative remedies by filing a charge with the EEOC before filing suit in federal court"). And so, the Court must dismiss employment discrimination claims brought pursuant to Title VII and the ADA, if the Plaintiff fails to exhaust administrative remedies with regards to those claims before commencing this litigation. *Virella v. M.B.G. Enters. Inc.*, Civ. Action No. RDB-21-1844, 2022 WL 36452, at *2 (D. Md. Jan 4, 2022).

Here, the Plaintiff appears to bring employment discrimination claims against the Defendants pursuant to Title VII and the ADA. ECF No. 2 at 2. But the Plaintiff does not dispute that he did not administratively exhaust these claims, by filing a charge of discrimination with the EEOC, before commencing this litigation. ECF No. 9-1 at 6; *see generally* ECF No. 2. Given this, the Court must also DISMISS Count II (Civil Rights Act/Title VII claims) and Count VI (ADA Violation Claim) of the complaint for failure to exhaust administrative remedies. Fed. R. Civ. P. 12(b)(6).

### C. The Plaintiff Fails To State Plausible Claims In The Complaint

The Plaintiff's remaining claims in this civil action are also problematic. A plain reading of the complaint makes clear that the Plaintiff fails to provide a short and plain statement

6

regarding these claims as required by Fed. R. Civ. P. 8(a).  ECF No. 1.  In fact, beyond simply listing the causes of action in the complaint, the Plaintiff provides no explanation or factual allegations to support his claims.  *Id;* s*ee Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  Given this, the Plaintiff has not stated plausible claims for relief in the complaint.  Fed. R. Civ. P. 8(a).  And so, the Court must also DISMISS the remaining claims in the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

V.     **CONCLUSION**

In sum, the Plaintiff has neither properly served the Defendants with the summons, nor administratively exhausted his discrimination claims.  A plain reading of the compaint also makes clear that the Plaintiff fails to state plausible claims in this civil action.  And so, for the foregoing reasons, the Court:

> (1) **GRANTS** the Defendants' motion to dismiss (ECF No. 9);
>
> (2) **DENIES- as-MOOT** the Plaintiff's motion to compel discovery (ECF No. 3);
>
> (3) **DENIES-as-MOOT** the Plaintiff's motion to strike (ECF No. 22);
>
> (4) **DENIES-as MOOT** the Plaintiff's motion for summary judgment (ECF No. 28); and
>
> (5) **DISMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

                                     s/ Lydia Kay Griggsby
                                     LYDIA KAY GRIGGSBY
                                     United States District Judge